IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **JIMMY SCOTT ELKINS,** )<br>　　Plaintiff, )<br> )<br>v. )<br> )<br>**WISE COUNTY, VA, et al.,** )<br>　　Defendants. ) | Civil Action No. 7:11-cv-00388<br><br>**MEMORANDUM OPINION**<br><br>By:　Hon. Michael F. Urbanski<br>　　　United States District Judge | |

　　Jimmy Scott Elkins, a federal detainee proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names as defendants Wise County, Virginia; the Prosecutor's Office; and Ron Elkins, the Commonwealth's Attorney for Wise County. Plaintiff alleges that he was falsely imprisoned in violation of his civil rights. This matter is before the court for screening, pursuant to 28 U.S.C. § 1915A. After reviewing plaintiff's submissions, the court dismisses the complaint without prejudice for failing to state a claim upon which relief may be granted.

　　The court must dismiss any action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting a plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level. . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)

(internal quotation marks omitted).  A plaintiff's basis for relief "requires more than labels and conclusions. . . ."  Id.  Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim."  Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Ashcroft v. Iqbal, 556 U.S. 662, ___, 129 S. Ct. 1937, 1950 (2009).  Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions.  Id.  Although the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of the complaint.  See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).  See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  West v. Atkins, 487 U.S. 42, 48 (1988).  Plaintiff's only allegation in his complaint reads, "A Wise County Circuit Judge ruled I was wrongfully imprisoned on or about August 25th – August 27th[,] 2011."  (Compl. 2.)  Plaintiff's reliance on the label and conclusion of "wrongfully imprisoned" is not sufficient to state a plausible claim for unlawful imprisonment.  Furthermore, plaintiff does not describe facts to find any "person" legally responsible for the allegedly "wrongful imprisonment."  See, e.g., Imbler v.

Pachtman, 424 U.S. 409, 423, 428-30 (1976) (holding that prosecutors are absolutely immune from § 1983 actions for conduct occurring within the scope of their duties in initiating and pursuing criminal prosecutions).  Accordingly, plaintiff fails to state a claim upon which relief may be granted, and the court dismisses the complaint without prejudice.

    The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to plaintiff.

    Entered:  January 6, 2012

*/s/ Michael F. Urbanski*

Michael F. Urbanski
United States District Judge